JL

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Newman, | No. CV 18-00481-PHX-DGC (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

On February 12, 2018, Plaintiff Patrick Newman, who is confined in the Arizona State Prison Complex-Florence, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a February 21, 2018 order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days either to pay the filing and administrative fees or file a complete Application to Proceed and a certified six-month inmate trust account statement. On March 2, 2018, Plaintiff filed an inmate trust account statement and a response to the Court's February 21, 2018 order, but did not file a new Application to Proceed. In a May 7, 2018 order, the Court gave Plaintiff 30 days either to pay the filing and administrative fees or file a complete Application to Proceed. On June 4, 2018, Plaintiff filed a new Application to Proceed. In a June 14, 2018 order, the Court granted the Application to Proceed and dismissed the complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the order.

On July 12, 2018, Plaintiff filed his First Amended Complaint. In a July 19, 2018 order, the Court dismissed the First Amended Complaint for failure to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the order.

On August 17, 2018, Plaintiff filed a Second Amended Complaint (Doc. 13). The Court will order Defendant Corizon to answer Count One and Defendant Craig to answer Count Two.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must

assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II. Second Amended Complaint

In his two-count Second Amended Complaint, Plaintiff sues Corizon Health Inc. ("Corizon") and Doctor Kevin Craig. He asserts two claims of inadequate medical care and seeks injunctive and monetary relief.

In Count One, Plaintiff alleges the following:

On December 29, 2015, Plaintiff submitted an emergency Health Needs Request (HNR) to Corizon, requesting to see an ear, nose, and throat specialist due to a possible infection above his left eye. Before he filed the HNR, Plaintiff had been seen by Corizon Assistant Nurse Practitioner Brower. Brower diagnosed Plaintiff with inflammation of fatty tissue, which Brower "compared to his arm." Plaintiff alleges that Brower misdiagnosed Plaintiff, that Corizon's Assistant Nurse Practitioners are not qualified to diagnose serious medical illnesses, and that they "use a medical site to diagnose patients." Plaintiff received a response to the emergency HNR that said, "Referred to providers line." Plaintiff alleges that Corizon failed to follow its own medical policies on emergent medical needs and that, by policy, an inmate with an emergent need must be seen within 24 hours after an HNR is received, or immediately if identified with an emergent need, or on the same day if identified as having an urgent need. Plaintiff alleges that Corizon "health staff" were 43 days late seeing Plaintiff for emergent care. Plaintiff filed other HNRs until he was finally seen by Brower in February 2016.

Through CT scans, Plaintiff was diagnosed with a brain tumor, which was surgically removed in February 2016. Since the surgery, Plaintiff has had three follow-

up appointments scheduled with "neurosurgeon specialists," which have all been cancelled. Plaintiff alleges that, due to "negligence [and] deliberate indifference," Corizon "health staff" did not send medical reports with Plaintiff's transport officers to any of the three follow-up appointments. The neurosurgeons told Plaintiff that "they could not diagnose or treat patient[s] without medical records." Corizon "was notified and would not even fax over medical records due to medical records could not be located." Neurosurgeons and transport officers called the medical unit. Plaintiff filed an Informal Grievance "on this medical issue." Corizon's response, written by Supervisor Fenwick on October 24, 2017, was: "I have sent a request to the clinical coordinator to reschedule and send medical records to off-site provider." Plaintiff filed Informal Grievances on January 21, 2018 and February 12, 2018. He received a response on March 16, 2018 that stated: "You are to await to see neurosurgeon." Plaintiff still has not seen a neurosurgeon, and "[t]his has been going on for more than two years." Over that period of time, Plaintiff's headaches have become extreme and more frequent, lasting hours if not the whole day. The discharge of greenish-yellow fluid from his nose and eye has increased, and he has increased vision loss in his left eye.

Plaintiff has also been requesting to see an eye doctor since May 1, 2016, due to his vision loss. To date, Corizon "has ignored and [has] not approved Plaintiff's request" and has "refused Plaintiff access to an eye doctor." As his injury, Plaintiff alleges that he suffered an infection in his left eye; daily greenish yellow discharge, extreme headaches, and head pain; loss of major vision in his left eye; and confusion.

In Count Two, Plaintiff alleges the following:

In December 2015, Plaintiff had symptoms of a sinus infection above his left eye. In February 2016, Plaintiff was seen by Corizon provider Brower, who diagnosed it as inflammation of fatty tissue. Plaintiff was sent to Mountain Vista Hospital to undergo a CT scan of his head. After the CT scan, Defendant Craig read the results to Plaintiff, which said that Plaintiff's sinus infection was life-threatening and surgery would have to be done immediately or Plaintiff could possibly die within a week. Plaintiff alleges that,

under Corizon policy, any offsite provider must write a report with the provider's diagnosis and send it back with transport officers. Craig followed the policy, but upon receiving Plaintiff's results three days later, Plaintiff "found out the report was totally opposite of what" Craig had told him. Craig's report stated that the CT scan was normal and said nothing about what Craig had told Plaintiff about the illness being life-threatening, Plaintiff needing emergency surgery, or a sinus infection. Three days after "talking to" Craig, Plaintiff saw Brower and explained the conversation he had with Craig. Brower called Craig with Plaintiff present and told Craig he had Plaintiff "present and physically looking at him." Brower told Craig that "Plaintiff had something very wrong going on with him," but Craig "continued to say CT scan was normal." After the call, Brower took "facial pictures" of Plaintiff and "sent them to a higher level administration." Plaintiff was sent out "within hours" for an emergency CT scan at St. Joseph's Hospital. The CT scan "was done and read to Plaintiff," and the diagnosis was that Plaintiff had a life-threatening brain tumor over his left eye. Plaintiff was immediately admitted to the medical ward and had surgery the following morning to remove the brain tumor.

Plaintiff alleges that he has shown that Craig "deliberately falsified diagnosis results" of Plaintiff's CT scan and that a brain tumor rarely, if ever, "can grow in three days." As his injury, Plaintiff alleges that he has suffered "[m]ore trauma," that he already suffers from bipolar disorder and schizophrenia, and he possibly could have died due to Craig's "gross negligence." Plaintiff further asserts that he has suffered "[m]ore unnecessary pain and suffering due to brain tumor surgery delay."

**III. Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated an Eighth Amendment deliberate indifference claim against Defendant Corizon in Count One and against Defendant Craig in Count Two. The Court will order Corizon to answer Count One and Craig to answer Count Two.

….

**IV. Warnings**

**A. Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendant Corizon must answer Count One. Defendant Craig must answer Count Two.

….

TERMPSREF

- 6 -

(2) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 13), this Order, and both summons and request for waiver forms for Defendants Corizon and Craig.

(3) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(5) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(6) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendants pursuant to Rule 4(e)(2) and/or Rule 4(h)(1) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for

photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(7) **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(8) Defendants Corizon and Craig must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(9) This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 17th day of September, 2018.

*David G. Campbell*

David G. Campbell
Senior United States District Judge